IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT M. ALLENSWORTH,** **B14522,** | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 24-cv-2681-DWD ) |
| **WARDEN,**[1] | ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Robert Allensworth, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Big Muddy River Correctional Center (Big Muddy), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. On February 3, 2025, the Court dismissed his complaint for failure to state a claim (Doc. 7), and on March 20, 2025, the Court dismissed his Amended Complaint (Doc. 12). Plaintiff has now filed a timely amended complaint (Doc. 13), and numerous exhibits (Docs. 14-21).

Plaintiff's amended complaint (Doc. 13) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by

---

[1] Plaintiff's Third Amended Complaint (Doc. 13) does not have a proper caption, and does not name defendants.

law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## ANALYSIS

Plaintiff's Second Amended Complaint is not sufficient to proceed from a procedural or factual standpoint. The first page appears to be a letter sent to him in 2021 from an attorney concerning his Sexually Dangerous Persons Act evaluation. (Doc. 13 at 1). It seems Plaintiff inserted this letter into a typewriter and added text. The added text alleges he did not get a copy of a July 2019 evaluation until August of 2021, and it gives a very brief summation of underlying facts that may have contributed to his current detention. There are no discernable legal claims from the face of this letter or the few sentences of added allegations.

On the next page, Plaintiff goes on to explain that he wants to access hardbound books and newspapers, but he has not been successful in securing regular access. He claims he got a tablet and details are pending, but he does not "know how big this problem is." He explains again, as he has in previous pleadings, that he is a proponent of limited voting, and that he wants information about this topic from Texas.

Plaintiff then states that in March he got a bleeding blister on his calf. He claims he spent two weeks in the healthcare unit, during which time he missed law library, and the infection spread and persisted. (Doc. 13 at 2). The remainder of the pleading again discusses voting issues.

None of the statements in the second amended complaint suggest any right to relief under 42 U.S.C. § 1983.  At best, Plaintiff suggests he has been experiencing trouble accessing reading material, but his allegations are too general to support a First Amendment claim.  He does not explain the extent of the problem, nor does he associate it with the actions of any individual prison employee.  In support of the second amended complaint, Plaintiff has submitted numerous exhibits (Docs. 14-21).   In one, he attached a newspaper article and expressed that he wanted digital copies of a list of publications.  (Doc. 14).  In others he submitted seemingly random collections of documents, at times re-submitting the same few pages repeatedly.  None of the exhibits present an apparent basis for any valid claim.

In addition to the factual problems, Plaintiff's pleading also is not properly formatted because it does not contain a case caption listing the parties, and it does not contain a short plain statement of the claims.  These are requirements of Federal Rules of Civil Procedure 8 and 10(a).  Without clear allegations or proper formatting, Plaintiff's complaint fails to state a claim and cannot proceed.

Having now reviewed three complaints filed by Plaintiff, the Court does not believe that giving him leave to amend will prove fruitful.  *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021).   This matter will now be dismissed without prejudice for failure to state a claim.  This dismissal shall count as one of Plaintiff's three allotted strikes under § 1915(g).

## DISPOSITION

Plaintiff's Second Amended Complaint (Doc. 13) is **DISMISSED with prejudice** for failure to state a claim. The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: June 26, 2025

_____
DAVID W. DUGAN
United States District Judge